IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHAWN THOMAS LAU, #A0205282, | ) CIV. NO. 17-00258 JMS-KSC ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT ) PURSUANT TO 28 U.S.C. §§ 1915(e) ) & 1915A(a) WITH LEAVE ) GRANTED TO AMEND |
| vs. | ) ) |
| MICHAEL KEKUAOKALANI, DENISE JOHNSON, RICHARD BANNER, M.D., | ) ) ) ) |
| Defendants, | ) ) |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e) & 1915A(a) WITH LEAVE GRANTED TO AMEND

Before the court is pro se Plaintiff Shawn Thomas Lau's prisoner civil rights Complaint. ECF No. 1. Lau, a pre-trial detainee housed at the Oahu Community Correctional Center ("OCCC"), is proceeding in forma pauperis. ECF No. 5. Lau claims that OCCC Chief of Security ("COS") Denise Johnson, Correctional Officer ("CO") Michael Kekuaokalani, and Richard Banner, M.D. (collectively, "Defendants"), violated the Eighth Amendment in connection with an accident Lau experienced in his cell and the alleged delay in surgery thereafter. For the following reasons, Lau's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a) for failure to state a claim, with leave granted to amend.

## I. <u>SCREENING</u>

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915A(a). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). That is, a plaintiff must demonstrate each defendant's personal participation in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation

omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A. Official Capacity Claims

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Lau names Defendants in their individual and official capacities and seeks compensatory and punitive damages only. Lau's claims against Defendants named in their official capacities are DISMISSED.

**B.     Fourteenth Amendment**: **Deliberate Indifference**

Lau alleges Defendants violated his rights under the Eighth Amendment. But, because he was a pretrial detainee when the incidents at issue occurred, Lau's claims arise under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's prohibition against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831 (2017).

The Eighth Amendment's standard for deliberate indifference requires an objective and subjective showing.  First, the risk posed to the prisoner must be objectively, sufficiently serious.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citation omitted).  Second, the prison official must subjectively "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.  "In other words, the official must demonstrate a subjective awareness of the risk of harm." *Castro*, 833 F.3d at 1068 (internal citation omitted).  And, until recently, this standard was also applied to pretrial detainees' claims under the Fourteenth Amendment.  *See Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (reasoning that pretrial detainee's claim of deliberate indifference to a serious medical need is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *Castro*, 833

F.3d at 1069. In the context of an excessive force claim, the United States Supreme Court has recently rejected the subjective component of the test, holding that the "appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015). Rather, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473.

The Ninth Circuit has extended *Kingsley*'s rationale to pretrial detainees' failure-to-protect claims, setting forth a "less stringent" standard that eliminates a "subjective intent to punish." *Castro*, 833 F.3d at 1067-68, 1071 & n.4. Under *Castro*, a pretrial detainee alleging a failure-to-protect claim must show that:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

6

*Id.* at 1071 & n.4. *Castro* characterized this test as requiring "more than negligence but less than subjective intent -- something akin to reckless disregard." *Id.*

*Castro* did not address whether this new *Kingsley* test applies beyond failure-to-protect claims to *all* pretrial detainee conditions of confinement claims. To date, only the Second Circuit has extended *Kingsley's* holding to encompass all pretrial detainee deliberate indifference conditions-of-confinement claims. *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (explicitly relying on *Castro*, and interpreting *Kingsley* as "standing for the proposition that deliberate indifference for due process purposes should be measured by an objective standard"). The remaining circuits to discuss the issue have either held that *Kingsley's* objective test applies only to a pretrial detainee's excessive force claims,[1] or have declined to address the issue on the facts before them.[2]

---

[1] *See Dang by & through Dang v. Sheriff, Seminole Cty., Fla.*, 856 F.3d 842, 850 n.1 (11th Cir. 2017) ("[W]e are not persuaded that [*Kingsley's*] holding extends to claims of inadequate medical treatment due to deliberate indifference."); *Alderson v. Concordia Par. Corr. Fac.*, 848 F.3d 415, 420 (5th Cir. 2017) (declining to follow *Castro*, stating, "the Fifth Circuit has continued to . . . apply a subjective standard post-Kingsley," to pretrial detainees' conditions of confinement claims); *Guy v. Metro. Gov't of Nashville & Davidson Cty.*, ___ F. App'x ___, 2017 WL 1476896, at *3-5 (6th Cir. Apr. 25, 2017) (analyzing pretrial detainee's inadequate medical care under Eighth Amendment subjective deliberate indifference standard, while recognizing *Kingsley*'s application to excessive force claims).

[2] *See Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017) ("[W]e have not yet addressed whether [*Kingsley's*] reasoning extends to claims of allegedly inadequate medical care . . . . We need not (and do not) resolve that issue here, however, as even under the less-

7

## C.   Inadequate Medical Care

Given these recent developments, in the Ninth Circuit the appropriate standard for pretrial detainees' inadequate medical care claims following *Kingsley* and *Castro* is unsettled.[3]  Under the Eighth Amendment, to state an inadequate medical care claim an inmate:

> must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally

---

demanding standard, Collins's federal claims still cannot succeed."); *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (declining to decide *Kingsley's* applicability to pretrial detainees' deliberate indifference claims).

[3] *See Nyland v. Calaveras Cty. Sheriff's Jail*,    F. App'x   , 2017 WL 1435436 (9th Cir. Apr. 24, 2017) (dismissing pretrial detainee's inadequate medical care claims "because under any potentially applicable standard," detainee failed to allege facts sufficient to show "defendants knew of and disregarded an excessive risk to his health") (citing *Castro* and earlier cases using subjective standard for deliberate indifference claims); *Banks v. Castillo*,    F. App'x   , 2017 WL 784643, at *1 (9th Cir. Mar. 1, 2017) (granting summary judgment on pretrial detainee's deliberate indifference to medical needs claim "because under any potential potentially applicable standard," plaintiff failed to raise genuine dispute of material fact whether defendants knew of or disregarded an excessive risk of serious harm to his health) (citing *Castro* and earlier cases applying subjective standard); *see also* Ninth Circuit Model Civil Jury Instructions § 9.30 (2017) (Particular Rights  Fourteenth Amendment  Pretrial Detainee's Claim re Conditions of Confinement/Medical Care) (stating it is unclear whether "*Castro* requires modification of Instruction 9.27 (Particular Rights--Eighth Amendment--Convicted Prisoner's Claim re Conditions of Confinement/Medical Care) when applied in the context of a pretrial detainee's similar claim under the Fourteenth Amendment.").

interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health." *Farmer*, 511 U.S. at 837; *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  Inadvertent or even negligent medical care is insufficient to establish a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

But if *Castro's* objective reasonableness test applies to pretrial detainees' inadequate medical care claims, the elements would approximate the following:

> (1)  The Plaintiff faced a serious medical need, that is, the failure to treat the condition would result in further significant injury or the unnecessary and wanton infliction of pain;
>
> (2)  The Defendant was aware of Plaintiff's request or need for medical care;
>
> (3)  The Defendant failed to take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical provider) in the circumstances would have appreciated the high degree of risk involved – making the likelihood of harm obvious; and
>
> (4)  By failure to take such measures, the Defendant caused Plaintiff's injuries.[4]

---

[4] *See Guerra v. Sweeny*, 2016 WL 5404407, at *3 n.1 (E.D. Cal. Sept. 27, 2016) (setting forth a similar formulation and recognizing that sometimes the need for medical care will be "so glaringly obvious that a pretrial detainee need not request aid").

The court need not decide which test applies. Regardless, Lau fails to state a claim against Defendants for the denial of adequate medical care.

### 1. Chief of Security Johnson

According to the Complaint, when Lau arrived at OCCC on August 22, 2016, he was using a knee brace for support and stability per his outside medical provider's orders.[5] *See* Compl., ECF No. 1, PageID #7 (Count III). An intake nurse at the medical unit took Lau's knee brace so that COS Johnson could inspect and approve it for use in the prison. Johnson allegedly confiscated the knee brace because it contained metal (presumably because this posed a safety risk). Lau does not allege that he saw or spoke with Johnson before (or after) she confiscated his knee brace. Lau claims that when he arrived at his assigned housing unit, however, three other inmates were using an identical knee brace, and, after he had knee surgery five months later, he was prescribed the same knee brace that Johnson had confiscated. Lau alleges Johnson was deliberately indifferent to his serious medical need because he fell in his cell three weeks later.

Lau's claims against Johnson are too vague and conclusory for the court to infer a plausible cause of action. First, Lau fails to allege that he had a serious medical need (before his surgery) that required the knee brace to prevent the

---

[5] Lau's allegations of fact are accepted as true for the purposes of this Order.

wanton infliction of pain or further injury. *See Jett*, 439 F.3d at 1096; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (defining serious medical need as "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment," or one "that significantly affects [an inmate's] daily activities; or the existence of chronic and substantial pain"), *overruled in part on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Second, even if Lau had a serious medical need for the knee brace, he fails to allege facts showing that Johnson was made aware of that need by the intake nurse or himself, or because his need for the brace was glaringly obvious to any reasonable officer.

Third, because Lau fails to allege facts showing that he had a serious or obvious medical need (which required the knee brace), he fails to show that Johnson or any reasonable security officer, subjectively failed to act or respond to such medical need, or objectively could appreciate the high degree of risk involved in confiscating the knee brace.

The fact that other inmates had similar knee braces is insufficient. These other inmates may have had documented or obvious serious medical needs on intake, or authorization for their knee braces, or different security classifications

than Lau. And, although Lau was prescribed the same knee brace *after* his knee surgery, this does not raise any inference of his particular pre-accident (and pre-surgery) needs. Lau fails to state a claim against Johnson for denial of adequate medical care, and thus Count III is DISMISSED.

### 2.     *Dr. Banner*

Approximately three weeks after Johnson confiscated Lau's knee brace, on September 15, 2016, Lau tripped over an inmate laying on the floor in his cell as Lau walked to the toilet. *See* Compl., ECF No. 1, PageID #5. Lau landed on his left knee, allegedly resulting in the loss of his left patella. Lau states that he was given Ibuprofen 600 mg. for pain, but does not identify who prescribed this medicine or detail what other medical care he received, and from whom, until he had knee surgery on January 5, 2017. *See id.*, PageID #6 (Count II). Lau says orthopedic surgeons Dr. Frauens and Dr. Murray recommended this surgery (and a second surgery four months later). Lau alleges that Dr. Banner negligently or with deliberate indifference delayed his surgeries, and claims this delay "contributed to the loss of my left patella (kneecap)," pain and suffering. *Id.*

Lau provides no facts regarding Dr. Banner's connection to his medical care or showing that Banner knew of and disregarded a serious risk to Lau's health. Lau does not state when he saw Dr. Banner, what actions Dr. Banner took or failed

12

to take, when Dr. Frauens and Dr. Mayer recommended surgery, or how Dr. Banner delayed or interfered with such surgery. Lau's vague and conclusory facts are insufficient to state a claim against Dr. Banner or any other prison official or medical provider for denial of adequate medical care.

To the extent Lau alleges that Dr. Banner was negligent, medical malpractice or mere negligence is insufficient to make out a violation of the Eighth Amendment or the Fourteenth Amendment. *See Castro*, 833 F.3d at 1071; *Toguchi*, 391 F.3d at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Even gross negligence is insufficient. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Further, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). A prisoner's disagreement with a physician's diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Count II as alleged against Dr. Banner fails to state a claim and is DISMISSED.

### 3. *CO Kekuaokalani*

Before Lau fell, he told CO Kekuaokalani that he had difficulty maneuvering in his cell "because not enough room with guy on the floor."

13

Compl., ECF No. 1, PageID #5 (Count I). Kekuaokalani allegedly replied, "it is what it is, just gotta make do." *Id.* Lau claims Kekuaokalani was therefore negligent and deliberately indifferent to his safety. It is unclear whether Lau is alleging that Kekuaokalani failed to respond to a serious medical need, because he failed to retrieve Lau's knee brace, or failed to protect Lau from allegedly overcrowded conditions in his cell.

To the extent Lau claims that Kekuaokalani failed to provide him adequate medical care by failing to apprehend that he needed a knee brace, Lau fails to allege any facts showing that Kekuaokalani knew of and disregarded an excessive risk to his health or serious medical need.

**D.     Overcrowding**

To the extent Lau alleges that Kekuaokalani failed to protect him from injury due to alleged overcrowding in his cell, he fails to state a claim. Temporarily housing an inmate in a cell with more inmates than it was intended to hold does not rise to the level of a constitutional violation. *Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (holding double-celling by itself does not violate the Eighth Amendment). There is no "one man, one cell principle lurking in the Due Process Clause." *Bell*, 441 U.S. at 542 (discussing the Fifth Amendment's due process protections and upholding double bunking of pretrial detainees in cells

originally designed for one person) (some quotation marks omitted). Overcrowding has "no constitutional significance standing alone." *Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 471 (9th Cir. 1989). To state a cognizable overcrowding claim, an inmate must plausibly allege that the crowding caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level that rendered the institution unfit for human habitation. *See id.*; *Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding by itself does not violate the Constitution, but can lead to specific effects that might do so), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Lau fails to allege facts that show that Kekuaokalani knew of and made an intentional decision with respect to the conditions of Lau's confinement that put Lau in substantial risk of suffering serious harm, and failed to take reasonable measures to abate this risk. The court cannot infer that Kekuaokalani acted subjectively or objectively unreasonably in the face of a serious risk to Lau's

///

///

///

///

safety.[6]  Lau fails to state a claim against Kekuaokalani and Count I is DISMISSED.

### III.  LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend.  Lau may file an amended complaint on or before August 25, 2017, that cures the deficiencies noted above.  An amended complaint generally supersedes the previous complaint.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  An amended complaint should stand on its own without incorporation or reference to a previous pleading.  Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed.  *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

### IV.  28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") restricts prisoners' ability to proceed in forma pauperis ("IFP") when filing certain federal lawsuits.

---

[6] Lau may be alleging a simple "slip and fall" negligence claim, which generally fails to arise to the level of a constitutional violation.  *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017); *but cf.*, *Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (holding that disabled inmate on crutches who frequently fell on slippery shower floors created a triable issue on whether the conditions of his confinement violated the constitution).  The court cannot construe such a claim here on the sparse facts Lau alleges.

Title 28, United States Code § 1915(g) provides a "three-strikes" rule that bars prisoners from proceeding IFP if they have accrued "three strikes" under the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Lau is notified that if he fails to amend his Complaint's deficiencies, he will likely incur a strike.

## V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(1) and 1915A(a).

(2) Lau may file an amended complaint on or before August 25, 2017, that attempts to cure the deficiencies discussed above. Failure to do so will result in dismissal of this action for failure to state a claim and may result in a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is DIRECTED to send Lau a blank prisoner civil rights complaint form so that he can comply with the directions of this Order.

(4) Because Lau is granted leave to amend, his Letter request to Supplement Complaint, which provides no additional facts in support of his claims, ECF No. 6, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 25, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Lau v. Kekuaokalani*, 1:17 cv 00258 JMS KSC; Scrng 2017 jms 4th draft (pretr. dtn'ee 14 delay med care ovrcrd)

18