IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHAWN THOMAS LAU #AO20582, | CIVIL NO. 17-00258 JMS-KSC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO SERVE A SUBPOENA (DUCES TECUM) FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION (SURVEILLANCE VIDEO FOOTAGE) OF THE THIRD PARTY WHO HAS THEM |
| vs. | |
| MICHAEL KEKUAOKALANI; DENISE JOHNSON; RICHARD BANNER, M.D., | |
| Defendants. | |

ORDER DENYING MOTION FOR LEAVE TO SERVE A SUBPOENA (DUCES TECUM) FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION (SURVEILLANCE VIDEO FOOTAGE OF THE THIRD PARTY WHO HAS THEM

On October 25, 2017, Plaintiff Shawn Thomas Lau ("Plaintiff") filed a Motion for Leave to Serve a Subpoena (Duces Tecum) for Production of Electronically Stored Information of the Third Party who has Them. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii.

By way of this Motion, Plaintiff asks the Court to issue and serve a subpoena duces tecum on Francis Sequeira, Warden, and Constance Van Winkle, Chief of Security. The subpoena requests August 22, 2016 surveillance video footage from Module 5 (intake) and the medical unit.

Federal Rule of Civil Procedure ("FRCP") 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules,. . . or by court order."[1] Fed. R. Civ. P. 26(d)(1). In rare situations, however, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy. com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Courts permit early discovery when a plaintiff has established good cause. "Good cause" may be found where the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

In the present case, Plaintiff has not established good cause for early discovery. The requested discovery does not

---

[1] This rule applies with equal force to subpoenas served on non-parties. Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 n.2 (M.D. Fla. Apr. 4, 2008) (citing Crutcher v. Fidelity Nat'l Ins. Co., 2007 WL 430655 (E.D. La. 2007)). FRCP 26(d)(2) allows parties to serve early FRCP 34 requests more than 21 days after service of the summons and complaint. Plaintiff erroneously requests relief under FRCP 34. FRCP 34 does not govern the issuance of subpoenas duces tecum.

appear to be for the purpose of learning facts necessary to permit service.  Nor has Plaintiff identified any reason why expedited discovery is necessary or warranted under the circumstances.  Accordingly, the Motion is DENIED.

    IT IS SO ORDERED.

    DATED:   Honolulu, Hawaii, November 3, 2017.



                              Kevin S.C. Chang
                              United States Magistrate Judge

CIVIL NO. 17-00258 JMS-KSC; <u>LAU V. KEKUAOKALANI, ET AL.</u>; ORDER DENYING MOTION FOR LEAVE TO SERVE A SUBPOENA (DUCES TECUM) FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION (SURVEILLANCE VIDEO FOOTAGE) OF THE THIRD PARTY WHO HAS THEM