IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHAWN THOMAS LAU #AO20582, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL KEKUAOKALANI; DENISE JOHNSON; RICHARD BANNER, M.D., <br><br> Defendants. | CIVIL NO. 17-00258 JMS-KSC <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |

ORDER DENYING PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL

On November 13, 2017, Plaintiff Shawn Thomas Lau ("Plaintiff"), proceeding *pro se*, filed a Motion for the Appointment of Counsel ("Motion"). In proceedings that do not threaten a litigant with loss of physical liberty, there is no presumptive right to appointed counsel. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 26-27 (1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." Palmer, 560 F.3d at 970 (citation omitted).

In exercising its discretion, "[a] district court must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." Cano v.

Taylor, 739 F.3d 1214, 1218 (9th Cir. 2014) (citation omitted). These factors must be considered cumulatively; none are dispositive. Id. (citation omitted).

Although Plaintiff is incarcerated, indigent, and lacks legal expertise, these conditions do not constitute extraordinary circumstances requiring the appointment of counsel. Many pro se litigants are confronted with the same difficulties, but are able to adequately litigate their actions.

Plaintiff can read, write, understand, and present his claims sufficiently to proceed pro se. And, contrary to his assertion, Plaintiff's claims are not particularly complex. Accordingly, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff's Motion for the Appointment of Counsel is therefore DENIED without prejudice.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, November 20, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CV 17-00258 JMS-KSC; LAU V. KEKUAOKALANI, ET AL.; ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL